DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DANIEL PASTOR (CABN 297948)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6778
    FAX: (415) 436-7234
    daniel.pastor@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> RANDALL EUGENE EVANS, <br> a/k/a Randall Evans, <br>     Defendant. | NO. CR20-0004 VC <br><br> **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DETAIN** <br><br> Date: April 16, 2020 <br> Time: 10:30 a.m. <br> Judge: Hon. Nathaniel M. Cousins |

Defendant Randall Evans is a 39-year-old San Francisco resident with multiple convictions for firearms offenses and recklessly evading law enforcement. Evans was convicted in federal court of Felon in Possession of a Firearm in 2004 and of Escape in 2008. Evans has California state convictions for Evading a Peace Officer Disregarding Safety (2014), Assault with a Firearm on a Person (2014), Possession of a Firearm with a Prior Violent Offense (2017), and Evading a Peace Officer Disregarding Safety (2020).  He is charged in this case with Felon in Possession of a Firearm and Ammunition for possessing a semi-automatic Glock pistol with a drum-magazine (shown in the photograph below) in September 2019.



Evans' nearly continuous string of arrests, convictions, and supervised release violations stretching back over a decade demonstrates that he is not amenable to pretrial release and supervision. Because there are no conditions that can reasonably assure the safety of the community, he should be detained pending trial.

## I.   Legal Standard

The Bail Reform Act permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir.

2019). Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible. *Id.* Consideration of factors outside the articulated factors set forth in Section 3142 is also disfavored. *Id.*

**II.     Evans' Criminal History of Firearms Offenses, Recklessly Evading Law Enforcement, and Failing to Comply with Conditions Weighs Heavily In Favor of Detention.**

    **A.     Federal Convictions and Supervised Release Violations**

In 2004, Evans was convicted of violating 18 U.S.C. § 922(g)(1) and sentenced to 57 months' imprisonment with credit for time served. *See* Case 3:04-cr-00007-VRW, Dkt. 38 at 1.[1] His subsequent history on federal supervision includes a string of supervised release violations and additional crimes.

In September 2007, after being transferred from federal prison to a halfway house, but while still in custody, Evans absconded from the halfway house. *See* Case 3:07-cr-00749-CRB, Dkt. 13 at 2. In February 2008, he pled guilty to escape in violation of 18 U.S.C. § 751(a) and was sentenced to 15 months in prison and three years of supervised release. *See* Case 3:07-cr-00749-CRB, Dkt. 16.

In November 2009, Evans admitted to Form-12 violations that included associating with felons and failing to stay away from the Potrero Hill District as directed by Probation. He was sentenced to 7 months in prison and 29 months of supervised release. *See* Case 3:04-cr-00007-VRW, Dkt. 38 at 1-2; Case 3:07-cr-00749-CRB at Dkt. 27.

On May 10, 2010, Probation filed a petition for an arrest warrant for Evans based on state criminal charges of evading police while driving recklessly, a hit-and-run traffic collision, causing property damage, and driving without a license. Case 3:04-cr-00007-VRW, Dkt. 38 at 2. Evans admitted to recklessly evading police by driving 65 miles per hour with no headlights in a vehicle that had been rented to another person, being involved in a hit-and-run collision, causing property damage, and driving without a license. Case 3:07-cr-00749-CRB at Dkt. 42. The Court found him in violation of the conditions of supervised release and sentenced him to 14 months' imprisonment and 15 months' supervised release. *Id.*

In July 2011, a Petition for Arrest Warrant was issued alleging that Evans committed attempted

---

[1] Evans' prior felony convictions were for Second Degree Robbery in 2000 in San Francisco and Vehicle Theft in 2001 in San Mateo.

robbery, possessed a firearm, and associated with convicted felons. Case 3:07-cr-00749-CRB at Dkt. 46. The Court found him in violation of the condition prohibiting him from associating with felons and he was sentenced to five months' imprisonment and ten months' supervised release. *Id.* at Dkt. 68.

### B. Assault with a Firearm in Drive-By Shooting and Reckless Evasion of Police

On June 4, 2014, in Contra Costa County, Evans was convicted of violating California Penal Code § 245(a)(2)—Assault with a Deadly Weapon: Firearm, for a July 12, 2012 drive-by shooting in which Evans shot a man riding a bicycle, wounding the victim in the chin and the leg. *See* Case 3:04-cr-00007-VRW, Dkt. 38 at 4. Evans was sentenced to three years in state prison.

On May 9, 2014, in San Francisco County, Evans was convicted of violating California Vehicle Code § 2800.2(A)—Evading a Peace Officer: Disregarding Safety, for a July 18, 2012 incident in which he led San Francisco police on a high-speed chase, ran a red light, and caused a vehicle collision. *Id.* at 4-5. Evans fled on foot before being apprehended. *Id.* During a search of Evans' vehicle, police found a 357 Rueger revolver and a Smith & Wesson long 22-caliber rifle magazine loaded with ammunition. *Id.* Evans was sentenced to three years in state prison.

In January 2017, while on parole from his Assault with a Firearm conviction, Evans was arrested in Martinez for carrying a loaded firearm. He was convicted in February 2017 of possession of a firearm after a prior violent offense and sentenced to 16 months' prison.

In November 2018, Evans was again arrested by San Francisco police after a high-speed chase in a stolen taxi. He pled guilty to violating California Vehicle Code § 2800.2(A) and was sentenced to 16 months.

Prior to being incarcerated for that offense, however, Evans was arrested by San Francisco Police on September 21, 2019 for the instant felon in possession of a firearm offense. Police encountered Evans in a residential area holding a knife after receiving a complaint that he was continuously ringing a resident's doorbell. Inside the backpack Evans was carrying, police found a Glock pistol with the drum magazine attached. From the time of his September 21, 2019 arrest until his initial appearance in this case on April 13, 2020, Evans has been in local custody at the San Francisco County Jail.

### III. The Risk that Evans May Contract COVID-19 at Santa Rita Jail Does Not Warrant Pretrial Release.

In this case, the 3142(g) factors weigh heavily in favor of detention. Evans has a history of violating release conditions by committing other serious crimes. He has proven time and again that he is violent, not amenable to out-of-custody supervision, and that he poses a significant risk of serious injury to others. Nothing about the COVID-19 pandemic reduces the danger that Evans will commit another assault with a firearm, continue carrying firearms as a felon, or recklessly flee from police in a vehicle. Magistrate judges of this Court have found that the current health crisis does not change the criteria for detention under the Bail Reform Act.[2] Moreover, at this time, the Government is not aware of any facts (i.e., age or medical conditions) that would put Evans at greater risk of developing serious illness due to COVID-19 were he to contract it.

### IV. Conclusion

Evans' convictions for assault with a firearm and illegal possession of firearms, his history of high-speed vehicle chases with police, and his repeated violations of supervision and parole demonstrate that he cannot be trusted to comply with court-imposed conditions of release. Compliance with conditions, particularly the current shelter-in-place orders, is imperative during the public health emergency. Given the danger to the community Evans poses, and that no set conditions will reasonably assure the safety of the community, Evans should be detained.

DATED: April 15, 2020                                      Respectfully submitted,

---

[2] In a written order, United States Magistrate Judge Susan van Keulen rejected a motion for release premised on the emergence of COVID-19, concluding that the existence and spread of COVID-19 did nothing to undermine the Court's previous findings regarding risk of flight and danger to the community. *United States v. Trujillo*, No. 20-cr-00028-EJD-1 (SVK), Dkt. 15 (N.D. Cal.); *see also United States v. Sanchez*, No. 19-CR-00576-VC (JSC), Dkt. 23 (N.D. Cal.) (oral order denying bail motion premised on general COVID-19 concerns); *United States v. Traore*, No. 20-CR-029-VC (JSC), Dkt. 28 (N.D. Cal.) (same); *United States v. Campos*, No. 19-CR-0280-RS (JSC), Dkt. 95 (N.D. Cal.) (same); *but see In the Matter of the Extradition of Alejandro Toledo Manrique*, No. 19-mj-71055-MAG-1 (TSH), Dkt. 115 (granting motion for release premised on COVID-19 concern in extradition proceeding, with different standards for release than under the Bail Reform Act, where defendant was more than 70 years old); *United States v. Daniels*, No. 19-CR-0709-LHK (NC), Dkt. 24 (N.D. Cal.) (finding compelling reason to temporarily release defendant with health conditions due to coronavirus infections at jail).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAVID L. ANDERSON
United States Attorney


____/s/_____
DANIEL PASTOR
Assistant United States Attorney