DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DANIEL PASTOR (CABN 297948)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6778
    FAX: (415) 436-7234
    daniel.pastor@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RANDALL EUGENE EVANS,<br>a/k/a Randall Evans,<br><br>    Defendant. | NO. CR20-0004 VC<br><br>**UNITED STATES' MOTION TO REVOKE RELEASE ORDER AND TO EXTEND STAY OF RELEASE**<br><br>Date: April 16, 2020<br>Judge: Hon. Vince Chhabria |

PLEASE TAKE NOTICE that on April 16, 2020 at a time convenient for the Court, or as soon thereafter as possible, the United States, pursuant to 18 U.S.C. § 3145, will and hereby does appeal the magistrate judge's release order issued on April 16, 2020, and moves this Court for entry of an order revoking the magistrate court's release order. The United States further moves this Court to extend the stay of the magistrate judge's release order, which will expire on April 17, 2020 at 12:00 p.m., until such time as this motion can be heard.

**I.    INTRODUCTION**

Defendant Randall Evans is a 39-year-old San Francisco resident with federal convictions for Felon in Possession of a Firearm (2004) and Escape (2008). Evans has California state convictions for

1

Second Degree Robbery (2000), Auto Theft (2001), Possession of Cocaine (2003), Evading a Peace Officer Disregarding Safety (2014), Assault with a Firearm on a Person (2014), Possession of a Firearm with a Prior Violent Offense (2017), and Evading a Peace Officer Disregarding Safety (2019).

Evans is charged in this case with Felon in Possession of a Firearm and Ammunition for possessing a semi-automatic Glock pistol with a drum-magazine (shown in the photograph below) in a residential area in September 2019.



Evans' nearly continuous string of arrests, convictions, and repeated violations of supervised release and parole, stretching back over a decade, demonstrates that he is not amenable to pretrial release and supervision. Because there are no conditions of release that can reasonably assure the safety of the community, he should be detained pending trial.

\\
\\
\\

## II. DETENTION HEARING

The government moved for detention based on the defendant's danger to the community. The Pretrial Services report recommended that the defendant be detained as both a danger to the community and a risk of non-appearance. At the detention hearing on April 16, 2019, Magistrate Judge Cousins noted that the defendant has multiple serious convictions that make him a danger to the community. Nonetheless, he found that the danger the defendant poses could be mitigated by making his mother a custodian and ordering the defendant to remain at her home subject to location-monitoring. The government argued that neither the defendant's mother (nor the defendant's wife who was also proposed as a custodian) has exercised moral suasion over the defendant in the past sufficient to prevent him from repeatedly violating court-imposed conditions and committing additional serious crimes while on federal supervised release and state parole. The government further argued that Evans' record of non-compliance with conditions, and his admission to pretrial services of weekly use of methamphetamine and marijuana, present a serious risk that he will not comply with current shelter-in-place health orders despite the risk that COVID-19 poses to his own health.

Magistrate Judge Cousins ordered the defendant released with his mother Dina Smith as a custodian and ordered the defendant to remain at her residence subject to location monitoring by pretrial services. The government moved for a twenty-hour stay of the release order. Judge Cousins stayed the order until April 17, 2020 at 12:00 p.m.

## III. STANDARD OF REVIEW

On appeal of a magistrate judge's release order, this Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The record is not limited to those facts that were presented to the magistrate judge; rather, the Court should "make its own 'de novo' determination of the facts," and the "ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion." *Id.* at 1193.

\\

\\

\\

### III. EVANS' HISTORY OF FIREARMS' OFFENSES, RECKLESSLY EVADING LAW ENFORCEMENT, AND FAILING TO COMPLY WITH CONDITIONS WEIGHS HEAVILY IN FAVOR OF DETENTION.

Evans has a lengthy criminal history that the government calculates puts him in Criminal History Category VI. The defendant started committing crimes when he was 12-years-old. His juvenile record includes serious convictions for assault with a firearm causing great bodily injury and armed robbery. *See* Case 3:04-cr-00007-VRW, Dkt. 38 at 5. During those crimes, the defendant and a co-conspirator robbed cab drivers at gunpoint on two occasions. *Id.* In one incident, the victim was shot in the back. *Id.* The defendant's juvenile record also includes a conviction for theft and ten additional arrests. *Id.* Those juvenile arrests include burglary, first degree robbery, and transportation or sale of a controlled substance. *Id.*

As an adult, Evans has nine felony convictions and numerous supervised release and parole violations:

- 2000: Second Degree Robbery. Evans and two accomplices robbed a pizza store. One of them pointed a gun at the victim.[1]
- 2001: Auto Theft
- 2003: Possession of Cocaine
- 2004: Felon in Possession of a Firearm. The defendant had a revolver with an obliterated serial number and attempted to flee when officers arrested him.[2]
- 2007: Escape. The defendant escaped from a halfway-house while serving the sentence for his 2004 conviction.
- 2010: Probation Violation. The defendant admitted to evading police while driving recklessly, causing a hit-and-run traffic collision and property damage, and driving without a license.
- 2012: Evading Peace Officer: Disregard of Safety
- 2014: Assault with a Firearm on a Person. Evans shot a man riding a bicycle wounding the victim three times.
- 2017: Possession of Firearm with Prior Violent Offense
- 2019: Evading Peace Officer: Disregard of Safety

---

[1] *See* Case 3:04-cr-00007-VRW, Dkt. 38 at 5.
[2] *See* Case 3:04-cr-00007-VRW, Dkt. 38 at 6.

4

### A. FEDERAL CONVICTIONS AND SUPERVISED RELEASE VIOLATIONS

In 2004, Evans was convicted of violating 18 U.S.C. § 922(g)(1) and sentenced to 57 months' imprisonment. *See* Case 3:04-cr-00007-VRW, Dkt. 38 at 1. His subsequent history on federal supervision includes numerous supervised release violations and additional crimes.

In September 2007, after being transferred from federal prison to a halfway house, Evans absconded from the halfway house. *See* Case 3:07-cr-00749-CRB, Dkt. 13 at 2. In February 2008, he pled guilty to Escape in violation of 18 U.S.C. § 751(a) and was sentenced to 15 months in prison and three years of supervised release. *See* Case 3:07-cr-00749-CRB, Dkt. 16.

In November 2009, Evans admitted to Form-12 violations that included associating with felons and failing to stay away from the Potrero Hill District as directed by Probation. He was sentenced to 7 months in prison and 29 months of supervised release. *See* Case 3:04-cr-00007-VRW, Dkt. 38 at 1-2; Case 3:07-cr-00749-CRB at Dkt. 27.

On May 8, 2010, two days after the defendant was released from the 7-month sentence for violating supervised release, he led police on a high-speed chase after they tried to pull him over for driving without headlights at night. Case 3:07-cr-00749-CRB, Dkt. 35 at 3. On May 10, 2010, Probation sought an arrest warrant for Evans based on state criminal charges of evading police while driving recklessly. Case 3:04-cr-00007-VRW, Dkt. 38 at 2. Evans admitted to recklessly evading police by driving 65 miles per hour at night with no headlights in a vehicle that had been rented to another person. Case 3:07-cr-00749-CRB at Dkt. 42. The defendant crashed into a building, which ruptured a gas main and required emergency responders to evacuate the area. Case 3:07-cr-00749-CRB, Dkt. 35 at 3. The Court found him in violation of the conditions of supervised release and sentenced him to 14 months' imprisonment and 15 months' supervised release. *Id.*

In July 2011, a Petition for Arrest Warrant was issued alleging that Evans committed attempted robbery, possessed a firearm, and associated with convicted felons. Case 3:07-cr-00749-CRB at Dkt. 46. The Court found him in violation of the condition prohibiting him from associating with felons and sentenced him to five months' imprisonment and ten months' supervised release. *Id.* at Dkt. 68.

\\
\\

### B.     ASSAULT WITH A FIREARM IN DRIVE-BY SHOOTING AND RECKLESS EVASION OF POLICE

On June 4, 2014, in Contra Costa County, Evans was convicted of violating California Penal Code § 245(a)(2)—Assault with a Deadly Weapon: Firearm, for a drive-by shooting in July 2012 in which Evans shot a man riding a bicycle, wounding the victim three times. *See* Case 3:04-cr-00007-VRW, Dkt. 38 at 4. Evans was sentenced to three years in state prison.

On May 9, 2014, in San Francisco County, Evans was convicted of violating California Vehicle Code § 2800.2(A)—Evading a Peace Officer: Disregarding Safety, for a July 18, 2012 incident in which he led San Francisco police on a high-speed chase, ran a red light, and caused a vehicle collision. *Id.* at 4-5. Evans fled on foot before being apprehended. *Id.* During a search of Evans' vehicle, police found a 357 Rueger revolver and a Smith & Wesson long 22-caliber rifle magazine loaded with ammunition. *Id.* Evans was sentenced to three years in state prison.

Based on the above state offenses, Evans was charged in a Form-12 with violations of his federal supervised release on September 12, 2014. He admitted to the conduct described in the preceding paragraph. *Compare* Case 3:07-cr-00749-CRB at Dkt. 81 *with id.* at Dkt. 85. Judge Breyer sentenced him to 24 months of imprisonment for the violation of supervised release on October 9, 2014. *Id.* at Dkt. 85.

In January 2017, while on state parole for his Assault with a Firearm conviction, Evans was arrested in Martinez for carrying a loaded firearm. He was convicted in February 2017 of possession of a firearm after a prior violent offense and sentenced to 16 months' prison.

In November 2018, Evans was again arrested by San Francisco police after a high-speed chase in a stolen taxi. He pled guilty to violating California Vehicle Code § 2800.2(A) and was sentenced to 16 months in prison.

Prior to being incarcerated for that offense, however, Evans was arrested by San Francisco Police on September 21, 2019 for the instant felon in possession of a firearm offense. Police encountered Evans in a residential area holding a knife after receiving a complaint that he was continuously ringing a resident's doorbell. Inside the backpack Evans was carrying, police found a Glock pistol with the drum magazine attached. From the time of his September 21, 2019 arrest until his initial appearance in this

case on April 13, 2020, Evans has been in local custody at the San Francisco County Jail.

### III. THE RISK THAT EVANS MAY BE EXPOSED TO COVID-19 IN JAIL DOES NOT WARRANT PRETRIAL RELEASE.

In this case, the 3142(g) factors weigh heavily in favor of detention.  Evans has a long history of violating release conditions, including by committing other serious crimes. He has proven time and again that he is dangerous, not amenable to out-of-custody supervision, and that he poses a significant risk of serious injury to others.  Nothing about the COVID-19 pandemic reduces the danger that Evans will commit another assault with a firearm, continue carrying firearms as a felon, or recklessly flee from police.

### IV. CONCLUSION

Compliance with conditions, particularly the shelter-in-place health orders, is imperative during the COVID-19 public health emergency.  The defendant has a history of repeated non-compliance with court-imposed conditions.  Given the danger to the community Evans poses, and that no set conditions will reasonably assure the safety of the community, Evans should be detained.

DATED:  April 16, 2020                                         Respectfully submitted,

                                                     DAVID L. ANDERSON
United States Attorney

_____/s/_____
DANIEL PASTOR
Assistant United States Attorney