UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, <br>         Plaintiff, <br>     v. <br> RANDALL EUGENE EVANS, <br>         Defendant. | Case No. 20-cr-00004-VC-1 <br><br> **ORDER DENYING MOTION TO SUPPRESS** <br><br> Docket No. 43 |

      Assuming for argument's sake that the officers' initial encounter with Evans amounted to a detention, it was supported by reasonable suspicion. And the officers were justified in frisking Evans as part of that detention. The officers had been informed through a 911 call that, roughly four hours earlier, a person meeting Evans's description who lived at a homeless encampment nearby kept ringing a woman's doorbell every ten minutes and asking for a towel. This conduct, at a minimum, raised concern that the person was acting erratically. And when the officers saw Evans next to the residence and near the encampment, he was holding a knife. The combination of his prior behavior and the fact that he was holding a knife for no apparent reason permitted the officers to detain him, order him to drop the knife, and subject him to a pat-down. Reasonable officers in their shoes could have, for example, developed a suspicion that Evans might assault someone, including but not limited to the resident whose unit he'd been repeatedly buzzing.[1]

      Evans is right to wonder whether the officers would have acted as aggressively towards

---

[1] Evans points to minor differences between the description of the subject of the 911 call and his appearance when the officers saw him, but the officers were clearly justified—considering all the circumstances—in believing that he was the subject of the call.

him if he were white, and to question whether the force they used after he resisted was reasonable under the circumstances. He is right that seeing a man standing near a homeless encampment with a legal knife in his hand would not, by itself, justify a detention. By the same token, he's right that having rung someone's doorbell every ten minutes and asking for a towel would not, by itself, justify a detention four hours later. But in the end, the facts must be considered in their totality. What the officers saw when they arrived was a man who matched the description of someone who had interacted erratically with a nearby resident and was holding a knife in the parking lot next door. These facts cross the line into reasonable suspicion. Accordingly, this case is quite different from *United States v. Brown*, on which Evans primarily relies, because in *Brown* the officers relied merely on an anonymous tip that a man was engaged in behavior that was both presumptively lawful and inherently unsuspicious. *United States v. Brown*, 925 F.3d 1150 (9th Cir. 2019). The motion to suppress is denied.

**IT IS SO ORDERED.**

Dated: December 15, 2020

_____
VINCE CHHABRIA
United States District Judge